**[813CONV7]** [13 TO 7 CONVERSION]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                             Case No. 8:09–bk–20627–CPM
                                                                   Chapter 13
Agnes Kelly
2111 Bay Blvd.
Indian Rocks Beach, FL 33785


_____Debtor\*_____/

ORDER GOVERNING PROCEDURES
AFTER CONVERSION TO CHAPTER 7 CASE

   THIS CASE came on for consideration, without a hearing, as a result of the Order entered by this Court, which converted this case to a case under Chapter 7 of the Bankruptcy Code. Accordingly, it is

**ORDERED:**

   1. The Chapter 13 Trustee shall return to the Debtor any and all payments received from the Debtor, pursuant to section 1326(a)(2) of the Bankruptcy Code after deducting any unpaid claim allowed under section 503(b) of the Bankruptcy Code and any unpaid filing fee of the Debtor in accordance with section 507(a)(2) of the Bankruptcy Code and Fed. R. Bankr. P. 1006(b)(2).

   2. If the Court had authorized the Debtor to pay the filing fee pursuant to 28 U.S.C. section 1930(a)(1) in installments and it has not been paid to date, pursuant to section 507(a)(2) of the Bankruptcy Code, the Trustee shall pay to the Clerk of the Court the unpaid filing fee of the Debtor from any monies on hand and not previously disbursed. If the Trustee has not collected any monies in this case, the Debtor shall pay the remaining filing fee in accordance with the Order Approving Application to Pay the Filing Fee in Installments. At the time of conversion, the unpaid balance of the filing fee in this case is n/a .

   3. The Chapter 13 Trustee is discharged from any further duties in the above–captioned case after he files and transmits a final report and account to the U.S. Trustee within thirty (30) days following the entry of this Order.

   4. The Debtor shall file a schedule of unpaid debts incurred after the commencement of a Chapter 13 case pursuant to Fed. R. Bankr. P. 1019(5) within fourteen (14) days from the date of entry of this Order. The schedule of unpaid debts must contain a declaration of the Debtor in accordance with Fed. R. Bankr. P. 1008, list only the debts incurred after the commencement of the Chapter 13 case, and properly identify the schedule under which the debt is listed. If no unpaid debts exist, the Debtor shall file a verified statement to that effect. The Statement of Intention, if required, shall be filed within thirty (30) days following entry of this Order or before the first date set for the meeting of creditors, whichever is earlier. The Debtor should not file a complete set of new schedules or a petition unless the schedules were not previously filed. Any amendments to the petition and schedules must comply with Fed. R. Bankr. P. 1008 and Fed. R. Bankr. P. 1009. If the Debtor fails to file the required documents, the Court may enter an order withholding the Debtors' discharge without further notice or hearing.

   5. The rulings on any pending motions to lift the automatic stay are hereby deferred and the automatic stay is hereby extended in order to enable the Chapter 7 Trustee to respond. The moving party is directed to serve the Chapter 7 Trustee with a copy of the motion within seven (7) days of the date of entry of this Order and file the appropriate proof of service with the Court. The Chapter 7 Trustee shall file a response to the motion within twenty–one (21) days of receipt of the motion, and if the response challenges the right to relief the movant seeks, a hearing may be scheduled; however, if no response is filed or the response filed admits the movant's right for relief, the Court will consider the entry of an ex parte order.

6. All pending hearings are cancelled.

7. The standing Chapter 13 Trustee shall pay the conversion fee of twenty–five ($25.00) dollars, if he has not already done so, within twenty–one (21) days from the entry of this Order, or file a certificate stating the estate has no assets available to pay said fee.

**DONE** and **ORDERED** in Chambers at Tampa, Florida on February 14, 2011 .

_____
Catherine Peek McEwen
United States Bankruptcy Judge

* All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.